IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. CR-25-   -SLP ) |
| ABDULLAH HAJI ZADA, | ) ) |
| Defendant. | ) |

**DEFENDANT'S PLEA STATEMENT
IN SUPPORT OF JUDICIAL REMOVAL**

Abdullah Haji Zada, the defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is Abdullah Haji Zada.

2. I have received a Notice of Intent to Request Judicial Removal (Notice). I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended (INA), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I have received from the United States the Application for, and Factual Allegations in Support of, Judicial Removal (Allegations). I hereby waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the Allegations served 30 days prior to sentencing.

4.      My rights in a judicial removal proceeding have been fully explained to me by my attorneys, Jeffrey M. Byers and Kiefer M. Rose. After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge any order of removal. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5.      I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6.      I hereby concede that I am removable from the United States pursuant to Title 8, United States Code, Section 1227(a)(2)(A)(iii), as an alien who is convicted of an aggravated felony at any time after admission. Specifically, the conviction under 18 U.S.C. § 924(h) is an aggravated felony as defined in Title 8, United States Code, Section 1101(a)(43)(E)(ii).

7.      I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal

under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h) and 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws, or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in, and have no present fear of persecution in Afghanistan, the country of my nativity and citizenship. I further acknowledge that I have not been tortured in, and have no present fear of torture in Afghanistan, the country of my nativity and citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement (ICE) in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or other documents necessary for my removal; to meet and cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite

my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I understand that this judicial order of removal terminates my lawful permanent resident status. 8 C.F.R. § 1001.1(p). Once removed, my conviction, which constitutes an aggravated felony, makes me inadmissible and permanently ineligible to return to the United States. See 8 U.S.C. § 1182(a)(9)(A).

12. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security, or other designated representative of the U.S. government.

13. I will accept a written order issued by this Court for my removal from the United States to Afghanistan, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

April 12, 2025
Date

ABDULLAH HAJI ZADA
Defendant

April 12, 2025
Date

JEFFREY M. BYERS
KIEFER M. ROSE
Attorneys for the Defendant